IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2005-4, ASSET-BACKED CERTIFICATES, SERIES 2005-4,**<br><br>　**Plaintiff,**<br><br>v.<br><br>**NORMA ZARCENO, MICHAEL ANTONIO ZARCENO, CRISTOFER OSVALDO ZARCENO, AND THE UNKNOWN HEIRS AT LAW OF OSVALDO A. ZARCENO, DECEASED,**<br><br>　**Defendants.** | §§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 5:19-cv-3 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4 files this its *Original Complaint* against Norma Zarceno, Michael Antonio Zarceno, Cristofer Osvaldo Zarceno and the Unknown Heirs at Law of Osvaldo A. Zarceno, Deceased, and would respectfully show the Court as follows:

**A. PARTIES, JURISDICTION AND VENUE**

1.　Plaintiff Wells Fargo is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*,

564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Wells Fargo is a national banking association which is chartered and has its main office in South Dakota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A*. 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.

2.  Osvaldo A. Zarceno ("Decedent") was an obligor under a loan agreement. Decedent died on or about April 29, 2017. Upon information and belief, no probate is open for Decedent's estate in the county where 8379 Thorncliff Rd., San Antonio, Texas 78250-3219 (the "Property") is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate. Upon information and belief, Decedent died intestate.

3.  Defendant Norma Zarceno is an heir and wife of Decedent and may be served with process at 8379 Thorncliff Rd., San Antonio, Texas 78250-3219, or at such other place as she may be found. Summons is requested.

4.  Defendant Michael Antonio Zarceno is a believed heir and son of Decedent and may be served with process at 5071 S. Irving St., Englewood, Colorado 80110, or at such other place as he may be found. Summons is requested.

5.  Defendant Cristofer Osvaldo Zarceno is a believed heir and son of Decedent and may be served with process at 13626 Obispo Ave., Paramount, California 90723, or at such other place as he may be found. Summons is requested.

5.  Defendant the Unknown Heirs at Law of Osvaldo A. Zarceno, Deceased, are the unknown heirs of Osvaldo A. Zarceno, to the extent that they exist and to the extent they have an

interest in the subject property. TEX. ESTATES CODE § 101.001. The Unknown Heirs may be served by publication. FED. R. CIV. P. 4(E)(1); TEX. R. CIV. P. 111. Summons is requested.

6. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a deed of trust lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of November 19, 2018, the total amount owed on the debt at issue was $120,503.01. The debt has increased since that date. Furthermore, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that, due to the number of parties to this dispute and the relative complexity of the issues, attorney's fees will be in excess of $15,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

7. Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## B. SUMMARY OF FACTS

8. On or about August 5, 2005, Osvaldo Zarceno ("Borrower") executed an Adjustable Rate Note ("Note") in the principal amount of $102,025.00 in favor of RW Mortgage Services ("RW") as lender on a loan secured by the real property commonly known 8379 Thorncliff Rd., San Antonio, Texas 78250-3219, and more particularly described as follows:

    LOT 41, BLOCK 3, NEW CITY BLOCK 18583, WILDWOOD SUBDIVISION, UNIT 10, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN, VOLUME 8200, PAGE 75, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

9. Concurrently with the execution of the Note, Borrower and Norma Zarceno executed a Deed of Trust ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting RW a security interest in the Property. True and correct copies of the Note and Security Instrument as attached hereto as <u>Exhibits A & B</u>.

10. Wells Fargo is the current legal owner and holder of the Note, endorsed in blank, and mortgagee of the Security Instrument pursuant to a series of assignments recorded in the official public records of Dallas County, Texas. True and correct copies of the assignments are attached hereto as <u>Exhibit C</u>.

11. Under the terms of the Note and Security Instrument, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

12. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. Borrower has failed to make his payments under the terms of the Loan Agreement. The loan is due for the November 1, 2017 monthly payment and all subsequent payments.

11. On or about April 29, 2017, Decedent Osvaldo A. Zarceno died. Upon information and belief, no probate was ever opened for Decedent. In accordance with Texas

Estates Code sections 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

12. Though some, if not all of the Defendants have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement. On June 29, 2018, notice of default and intent to accelerate was mailed to Borrower by certified mail to their last known mailing address at the time. A true and correct copy of the notice of default is attached hereto as Exhibit D. Borrower did not cure the default and on August 31, 2018, Wells Fargo's mortgage servicer, Ocwen Loan Servicing, LLC, mailed a notice of acceleration through counsel to Borrowers by certified mail to their last known mailing address at the time. A true and correct copy of the notice of acceleration is attached hereto as Exhibit E.

### C. CAUSE OF ACTION- ENFORCEMENT OF STATUTORY PROBATE LIEN

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a. TEX. ESTATES CODE § 101.001(b) and 101.051, which state in pertinent part:

> *"…the estate of a person who dies intestate vests immediately in the person's heirs at law…subject to the payment of, and is still liable for…the debts of decedent,"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or his heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes,"* and

    c.    TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

15.    Through Plaintiff's statutory probate lien, reserved in Texas Estates Code section 101.001 and 101.051, Plaintiff has an enforceable and superior lien against the Decedent's Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### D. NON-JUDICIAL FORECLOSURE

16.    The foregoing paragraphs are incorporated by reference for all purposes.

17.    Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court allowing it to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code section 51.002 with respect to all Defendants who are obligors of the Loan Agreement or acquired the Property subject to Decedent's debts.

### E. PUBLIC AUCTION

18.    The foregoing paragraphs are incorporated by reference for all purposes.

19.    Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the

first Tuesday of the month would provide the most practical, efficient and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Since no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce, as well as into the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### F. JUDICIAL FORECLOSURE

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

22. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the federal marshal, or sheriff or constable of the county where the Property is located directing the marshal, sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### G. TRESPASS TO TRY TITLE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or judicial foreclosure, Plaintiff seeks a declaration and judgment that the

Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff. Title as to both Plaintiff and Defendants is derived from a common source.

## H. ATTORNEY'S FEES

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorney's fees under the loan documents, Tex. Civ. Prac. & Rem. Code sections 37.009 and 38.001. Attorney's fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

## PRAYER

For these reasons, Plaintiff requests that upon final hearing Defendants be cited to appear and answer, and, the Court enter judgment granting:

a. A declaration that all of Decedent's heirs-at-law have been made parties to this suit and are vested with all of Decedent's right, title and interest in the Property; and

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and, and that through the foreclosure or auction the Defendants are divested and the purchaser at the foreclosure sale is vested with all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; and

d. All other relief, in law and in equity, to which Plaintiff is entitled.

                Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **GORDON W. GREEN**
    Texas Bar No. 24083102
    ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

*Attorney for Plaintiff*